UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOYA ANTHONY TINSLEY,

    Petitioner,

v.                                                             Civil Action Number: 12-CV-12875
                                                                               HON. MARK A. GOLDSMITH

DAVID BURGH,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING MOTION TO STAY HABEAS PROCEEDINGS (DKT. 13), (2) HOLDING PETITION IN ABEYANCE, and (3) ORDERING THE CLERK OF THE COURT TO ADMINISTRATIVELY CLOSE THE CASE**

**I. INTRODUCTION**

This is a habeas case filed by Petitioner Choya Anthony Tinsley under 28 U.S.C. § 2254. On May 22, 2008, Petitioner was convicted following a jury trial in the Circuit Court in Wayne County, Michigan. He was sentenced on June 12, 2008 to a life sentence for first-degree murder, a concurrent sentence of 171 months to twenty years for assault with intent to commit murder, and a two-year consecutive sentence for possession of a firearm during the commission of a felony. Petitioner is incarcerated by the Michigan Department of Corrections, currently housed at the Thumb Correctional Facility in Lapeer, Michigan.

On June 29, 2012, Petitioner filed this habeas petition, <u>pro se</u>, alleging that his convictions and sentences are unconstitutional because (i) his trial counsel was ineffective, (ii) the trial court failed to properly instruct the jury, and (iii) the prosecutor committed misconduct by failing to produce material evidence and by presenting false and misleading evidence (Dkt. 1). On January 31, 2013, Respondent David Burgh, through the State Attorney General's Office,

filed an answer to the petition, along with the Rule 5 materials, alleging that Petitioner's claims are either procedurally defaulted or lack merit.

Pending before the Court is Petitioner's "Motion for Stay and Abeyance Pending Remand to State Court for Exhaustion Purposes" (Dkt. 13), filed on March 12, 2013. The motion is unopposed. Petitioner is seeking a stay of these proceedings so that he may return to the state courts to exhaust additional claims concerning newly-discovered evidence with respect to his claim that the prosecutor withheld material evidence. Petitioner alleges that, after this petition was filed, he discovered the existence of state records that show that requested 911 recordings are regularly produced after ninety days, contrary to the State's claim that the Detroit Police Department's 911 recordings are automatically deleted after ninety days. Moreover, Petitioner alleges that technology exists that can recover recordings long after they are deleted. Petitioner attaches affidavits showing 911 recordings produced after ninety days and affidavits from technological forensic experts to support his position. See Exs. B2-B4 to Pet. Rep. Br. (Dkt. 14 at 21-28 of 32 (CMECF pagination)).

For the reasons stated, the Court will grant Petitioner's motion, stay the petition, and administratively close the case.

## II. BACKGROUND

This Court will recite verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F.3d 410, 413 (6th Cir. 2009).

> Defendant's convictions arose from the October 20, 2006, shooting death of Charles Mosley and the non[-]fatal shooting of Mosley's girlfriend, Darlene Russell. Both victims were shot while sitting inside an automobile at a gas station in Detroit. Russell identified defendant as the shooter. According to Russell, defendant and an accomplice previously confronted both of them at Mosley's home on October 1, 2006, and threatened them with guns. Defendant was

> separately charged with felonious assault and felony-firearm in connection with the October 1 incident.
>
> This case was originally consolidated with the felonious assault case. At a previous trial in July and August 2007, the jury found defendant guilty of felonious assault and felony-firearm in connection with the October 1 incident, but was unable to reach a verdict with respect to the charges in this case, relating to the October 20 incident. Defendant was retried on those charges in May 2008. Defendant presented an alibi defense and argued that witness descriptions of the shooting were inconsistent with his appearance on the date of the offense. The jury found defendant guilty as charged.

People v. Tinsley, No. 287470, 2010 WL 4671122, at *1 (Mich. Ct. App. Nov. 18, 2010).

Following his sentencing, Petitioner, through counsel, filed a claim of appeal with the Court of Appeals, alleging that trial counsel was ineffective for failing to call crucial witnesses and to request a missing-evidence instruction, and the trial court erred in failing to instruct the jury on the missing evidence. Id. at **1-4. Petitioner subsequently filed a supplemental brief, raising the following claims concerning the prosecutor's conduct: the prosecutor presented misleading evidence, made disparaging comments on defense counsel's integrity, improperly argued extraneous matters to the jury, failed to endorse a key witness, and suppressed material photographic evidence. Id. at **5-7. Petitioner also argued that defense counsel was ineffective for failing to seek a mistrial and failing to object to the prosecutor's conduct. Id. at *8. On November 18, 2010, the Court of Appeals affirmed Petitioner's convictions and sentences. Id. at **1, 8. Petitioner then filed an application for leave to appeal that decision with the Michigan Supreme Court. On June 28, 2011, the Michigan Supreme Court denied the application. People v. Tinsley, 799 N.W.2d 6 (table) (Mich. 2011).

Petitioner has neither filed a petition for a writ of certiorari with the United States Supreme Court nor a motion for relief from judgment with the state trial court. Rather, he filed this habeas petition, signed and dated June 26, 2012.

## III.  DISCUSSION

The doctrine of exhaustion of state remedies requires state prisoners to fairly present their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. See 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); McMeans v. Brigano, 228 F.3d 674, 680-81 (6th Cir. 2000).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845.  A prisoner fairly presents his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns. Franklin v. Rose, 811 F.2d 322, 326 (6th Cir. 1987) (citations omitted).  A Michigan petitioner must present each ground to all avenues of appeal in the state court before seeking federal habeas corpus relief. See Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973).  The petitioner bears the burden of showing that state court remedies have been exhausted. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted)).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. O'Sullivan, 526 U.S. at 847.  In this case, Petitioner's method of properly exhausting his newly-discovered claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Michigan Court Rule 6.502. See Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009).  If Petitioner is unsuccessful in the trial court, the denial of his motion for relief from judgment is reviewable by the Michigan Court of Appeals and the

Michigan Supreme Court upon the filing of an application for leave to appeal. See Mich. Ct. R. 6.509(A); Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

For the reasons that follow, the Court grants Petitioner's motion for stay and abeyance of his habeas proceedings while he returns to the state courts to fulfill the exhaustion requirements. Abating a habeas petition is justified when an original petition containing exhausted claims was timely filed, but the petitioner also wishes to include in that petition claims that are not yet exhausted. See Hargrove v. Brigano, 300 F.3d 717, 720-21 (6th Cir. 2002). The United States Supreme Court, in fact, has suggested that a habeas petitioner who is concerned that time spent pursuing state post-conviction relief may take his claims outside of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1), could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the conclusion of the state post-conviction proceedings. See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (citing Rhines v. Weber, 544 U.S. 269, 270 (2005)). This is the situation in Petitioner's case. The Court concludes that the outright dismissal of the habeas petition, albeit without prejudice, might result in precluding the Court from considering Petitioner's direct-appeal claims due to the expiration of the one-year statute of limitations contained in AEDPA 28 U.S.C. § 2244(d)(1). Thus, the Court will stay the proceedings.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 278. The Court therefore will impose time limits within which Petitioner must present his claims to the Michigan courts and return to this Court after his state remedies are exhausted. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002). The tolling is conditioned upon Petitioner initiating his state, post-

conviction remedies within sixty days of the issuance of this order, if he has not already done so, and returning to federal court within sixty days of completing the exhaustion of his state, post-conviction remedies. See Boris v. Bergh, No. 11-CV-12194, 2011 WL 5546415, at *3 (E.D. Mich. Nov. 10, 2011) (holding that Petitioner must return to court within sixty days).

## IV. CONCLUSION

Accordingly, the Court grants Petitioner's "Motion to Stay and Abeyance Pending Remand to State Court" (Dkt. 13), and further proceedings in this case are stayed pending exhaustion of state court remedies. The case shall be stayed provided that (1) Petitioner presents his unexhausted claims to the state court, if he has not done so already, within sixty days from the date of this order, and (2) he returns to this Court to request that the stay be lifted within sixty days of exhausting state court remedies. "If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." Palmer, 276 F.3d at 781 (quotation marks omitted). Petitioner shall file an amended petition in this Court after the conclusion of the state court proceedings. If, and when, Petitioner returns to federal court with an amended petition, following exhaustion of state remedies, he shall use the same caption and case number as appears on this order.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ordered that upon receipt of a motion to reinstate the habeas petition following exhaustion of state court remedies, the Court may order the Clerk to reopen this case for statistical purposes.

6

SO ORDERED.

Dated: July 17, 2013　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Flint, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

　　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2013.

　　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　　Case Manager