UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHOYA A. TINSLEY,

        Petitioner,

                                    Case No. 12-cv-12875

v.

                                    HON. MARK A. GOLDSMITH

DAVID BERGH,

        Respondent.
_____/

## OPINION AND ORDER
## REOPENING CASE AND DIRECTING RESPONDENT TO FILE A SUPPLEMENTAL ANSWER

On June 29, 2012, Petitioner Choya A. Tinsley filed a <u>pro se</u> habeas corpus petition (Dkt. 1), challenging his state convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a); assault with intent to commit murder, Mich. Comp. Laws § 750.83; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Petitioner alleged that his convictions and sentences[1] were unconstitutional because his trial attorney was ineffective, the trial court failed to properly instruct the jury, and the prosecutor committed misconduct.  On January 31, 2013, Respondent David Burgh, through the Michigan Attorney's General Office, filed an answer to the petition (Dkt. 12), alleging that Petitioner's claims were either procedurally defaulted or meritless.

---

[1] Petitioner was sentenced to life imprisonment without the possibility of parole for the murder conviction, a concurrent term of 171-to-240 months' imprisonment for the assault conviction, and a consecutive term of two years in prison for the felony-firearm conviction.  The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion, <u>People v. Tinsley</u>, No. 287470, 2010 WL 4671122 (Mich. Ct. App. Nov. 18, 2010), and, on June 28, 2011, the Michigan Supreme Court denied leave to appeal.  <u>See</u> <u>People v. Tinsley</u>, 799 N.W.2d 6 (Mich. 2011).

Petitioner then moved for a stay so that he could return to state court to exhaust state remedies for his claim that he had newly-discovered evidence regarding the prosecutor's withholding of material evidence. Pet'r Mot. to Stay (Dkt. 13). Petitioner alleged that, after he filed his habeas petition, he discovered state records showing that 911 recordings are regularly produced after 90 days, contrary to the State's claim that the Detroit Police Department's 911 recordings are automatically deleted after 90 days. Petitioner further alleged that technology exists to recover recordings long after they are deleted.

On July 17, 2013, the Court granted Petitioner's motion for a stay and abeyance of the habeas proceedings while he returned to the state courts to exhaust state remedies. See 7/17/2013 Op. & Order (Dkt. 16). The Court conditioned the stay on Petitioner initiating post-conviction remedies within 60 days of the Court's order and returning to federal court within 60 days of exhausting his state post-conviction remedies. The Court ordered Petitioner to file an amended petition in this Court at the conclusion of the state-court proceedings. To avoid administrative difficulties, the Court ordered the Clerk of Court to close this case for statistical purposes only. The Court also stated that, upon receipt of a motion to reinstate the habeas petition following exhaustion of state court remedies, the Court could order the Clerk of Court to reopen this case. Petitioner subsequently informed the Court that, on September 13, 2013, he filed a post-conviction motion in state court. See 9/30/2013 Letter (Dkt. 17).

On March 21, 2014, the trial court denied Petitioner's motion for relief from judgment, and the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). On July 28, 2015, the Michigan Supreme Court denied leave to appeal for the same reason. See People v. Tinsley, 866 N.W.2d 429 (Mich. 2015).

On September 22, 2015, Petitioner filed an amended petition for writ of habeas corpus (Dkt. 18). The grounds for relief in the amended petition and supporting brief are: (i) government agents suppressed material evidence in violation of the Due Process Clause; (ii) trial counsel performed deficiently by failing to produce crucial witnesses; (iii) the trial prosecutor acted improperly by presenting false and misleading evidence to the jury, and by making disparaging comments about defense counsel; (iv) the prosecution rewarded a witness for adding information to his trial testimony; and (v) trial counsel was ineffective for failing to object to prosecutorial misconduct.

Petitioner appears to have complied with the conditions of the Court's stay. Accordingly, the Court orders the Clerk of Court to reopen this case for statistical purposes.

The Court orders Respondent David Bergh to file an answer to the amended petition and any supplemental state-court materials needed to adjudicate Petitioner's claims. The answer and supplemental materials shall be due on January 15, 2016.

SO ORDERED.

Dated: October 15, 2015  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2015.

s/Karri Sandusky  
Case Manager